**STEIN v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. November 30, 1925.)

No. 4654.

Bankruptcy ⬅241(2)—Refusal to be examined before referee in bankruptcy civil not criminal contempt.

Under Bankruptcy Act, §§ 41a, 41b (Comp. St. § 9625), refusal to be examined according to law in proceeding before referee is a civil contempt, and punishment therefor as for criminal contempt unwarranted.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Nathan Stein was convicted for contempt in refusing to be examined before referee in bankruptcy, and he brings error. Reversed, and cause remanded.

For opinion below, see 7 F.(2d) 169.

Hilton & Christensen and Thomas Ramage, all of San Francisco, Cal., for plaintiff in error.

B. D. Townsend, of San Francisco, Cal., for defendant in error.

Before HUNT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction for contempt. Section 41a of the Bankruptcy Act (Comp. St. § 9625) provides that a person shall not, in proceedings before a referee, among other things, refuse to be examined according to law. Subdivision b of the same section provides:

"The referee shall certify the facts to the judge, if any person shall do any of the things forbidden in this section. The judge shall thereupon, in a summary manner, hear the evidence as to the acts complained of, and, if it is such as to warrant him in so doing, punish such person in the same manner and to the same extent as for a contempt committed before the court of bankruptcy, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of, or in the presence of, the court."

The referee certified to the court below, in effect, that the plaintiff in error had refused to be examined according to law in a proceeding before him. The court treated the contempt charged as a criminal one and punished it as such. Upon the argument before this court it was conceded by the attorney representing the United States and by the attorney representing the trustee that the contempt charged was a civil one and that the judgment was unauthorized.

The judgment of the court below is therefore reversed, and the cause is remanded to that court for further proceedings, as for a civil contempt only.