ROBERTO COLÓN MACHINERY & MANUFACTURING CO., INC., Plaintiff and Appellant, v. SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11056. Argued July 2, 1954.—Decided February 21, 1956.

---

*Toro & Malley* for appellant. *José Trías Monge, Attorney General,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The question involved in this case is whether the controlling stockholder is liable—either personally or as liquidating trustee—for an income tax deficiency of a dissolved corporation.

In 1945 Roberto Colón Machinery & Manufacturing Co., Inc., a domestic corporation, was notified by the then Executive Secretary that it had been dissolved for failure to file its annual report for three consecutive years, as required by § 25 of the Corporation Act. Act No. 30, Laws of Puerto Rico, 1911, as amended by Act No. 154, Laws of Puerto Rico, 1948. Apparently unaware of the dissolution of the corporation, in 1950 the then Treasurer sent a notice of income tax deficiency for 1943 to the corporation.[1] Roberto Colón, as liquidating trustee of the corporation, filed a motion for reconsideration and signed a waiver of the statute of limitations. In 1951 the then Treasurer notified Colón, as liquidating trustee, with a "definitive deficiency" for the dissolved corporation in the sum of $11,357.65.

Colón—apparently concerned that the Treasurer would attempt to collect the tax from him by attachment of his property or otherwise—filed a complaint in the former Tax Court. The complaint does not dispute the liability of the corporation for the deficiency. *Cf. Phillips* v. *Commissioner*, 283 U.S. 589; *Koch* v. *United States*, 138 F. 2d 850 (C.A. 10, 1943). Rather it is directed solely to the problem of whether Colón, as liquidating trustee of the corporation, must pay it.

The complaint alleges that Colón had taken over the assets and liabilities of the corporation as liquidating trustee; that the liabilities had exceeded the assets; that Colón paid

---

[1] This could not occur today. Section 25 now provides that the Secretary of State shall obtain a certificate of the Secretary of the Treasury as to taxes owed by the corporation before entering the corporation as dissolved. 14 L.P.R.A. § 181.

the obligations of the corporation to the extent that its assets permitted; that as there are no more assets of the corporation in his hands, Colón as liquidating trustee is not liable for the remaining debts of the corporation. The complaint prays for a holding (1) that Colón is not liable as liquidating trustee for the deficiency and (2) that the then Treasurer should abstain from collecting it from him. Colón posted a bond of $12,000 in order to file the suit in question.

The amended answer of the then Treasurer denies that the liabilities of the corporation exceeded its assets. It alleges that although the corporation was dissolved, there was no liquidation of its assets as required by the Corporation Act. The answer also contains a "Special Allegation" in which the then Treasurer alleges in the alternative that Colón ". . . was the owner of more than 95 per cent of the stock of Roberto Colón Machinery and Manufacturing Company, Inc. That he exercised absolute control over all the operations and transactions of the plaintiff. That on April 1, 1945 Roberto Colón acquired all the assets of Roberto Colón Machinery and Manufacturing Company, Inc. That on that same date the said corporation was dissolved by unanimous consent of its stockholders. That under these circumstances Roberto Colón is liable for the taxes that Roberto Colón Machinery and manufacturing Company, Inc. may owe."

The case was tried on the merits before the former Tax Court. It was decided by one of its former members, as a Judge of the Superior Court, pursuant to the Judiciary Act, Act No. 11, Laws of Puerto Rico, 1952, Special Session, 4 L.P.R.A. § 1 et seq. The latter dismissed the complaint. Pointing out that the deficiency had not been challenged on the merits, the trial court stated: "A declaration as to the *personal* responsibility of Roberto Colón for this tax owed by a different taxpayer would therefore be premature, especially when the tax is duly guaranteed by a

bond and nothing has arisen showing that the bond is not in effect and that it does not cover the entire debt." (Italics ours). The plaintiff appealed from the judgment of the trial court. He paid the tax personally in order for this Court to obtain jurisdiction.

■ The Superior Court erred in holding that the suit was premature as to the personal responsibility of Colón for the deficiency. That—together with the issue of his alleged responsibility as liquidating trustee—was precisely the question raised by this case. The former Tax Court had jurisdiction to pass thereon pursuant to the provision of § 2 of Act No. 328, Laws of Puerto Rico, 1949, creating the Tax Court, that it " . . . shall have exclusive jurisdiction to take cognizance of all cases, actions and proceedings, or special or extraordinary remedies, in connection with, or affecting, the levy, collection and payment of all kinds of taxes . . . ".

■ Under the "Special Allegation" contained in the answer of the then Treasurer, Colón could be held liable for the deficiency either as liquidating trustee or personally. The Tax Court denied the motion which the then Treasurer made during the trial to bring Colón into the case personally as a party. Although the Treasurer does not argue the question in his brief, we think the issue raised by him in his answer as to the personal liability of Colón for the deficiency required the trial court to grant this motion of the Treasurer. *Garcia* v. *Government of the Capital*, 70 P.R.R. 312, 319. The failure of the trial court to decide the only issues presented by this case requires us to reverse the judgment and remand the case. On remand, the case should be treated as raising the questions of the liability of Colón both as liquidating trustee and personally.

■ The "Special Allegation" asserts first that Colón is personally liable for the deficiency because he owned "more than 95 per cent of the stock" of the corporation and exercised absolute control over its operations. Colón owned all

but four shares of the 800 outstanding shares of the corporation, issued at $100 a share. But this did not automatically make him liable personally for the corporation's deficiency. There are situations in which the corporate fiction is ignored in cases involving income taxes where one person owns substantially all the stock of a corporation. *Higgins* v. *Smith*, 308 U.S. 473, 477. "But disregard of corporate entity is still the exception to the rule." *Delaney* v. *Gardner*, 204 F. 2d 855, 861–2 (C.A. 1, 1953) and cases cited therein; *National Carbide Corp.* v. *Comm'r*, 336 U.S. 422; 10 A Mertens, *Law of Federal Income Taxation*, pp. 233 *et seq.*; *id.*, 1955 Supp., pp. 56 *et seq.*; Berger, *"Disregarding the Corporate Entity" for Stockholders' Benefit*, 55 Col.L.Rev. 808 (June 1955), and cases cited therein; Cleary, *The Corporate Entity in Tax Cases*, 1 Tax.L.Rev. 3. See *Swiggett* v. *Swiggett, Inc.*, 55 P.R.R. 72. The government made no effort to show that Colón so conducted the affairs of the corporation that it was in reality a sham and that he was therefore personally liable therefor.[2] On remand, the government will have another opportunity, if it so desires, to introduce additional testimony on the issue of Colón's personal liability on the theory of piercing the corporate veil.

■■ We turn to the question of Colón's alleged liability as transferee by purchase of the assets and liabilities of the corporation. Prior to receipt from the then Executive Secretary of the notice of dissolution of the corporation for

_____

[2] We point out subsequently that in 1947 Colón apparently deducted as bad debts in his personal returns debts owed to the corporation which proved uncollectible after the corporation was dissolved in 1945. We think—as hereinafter stated—that this conduct, if it occurred, is evidence in support of the contention of the Secretary of the Treasury (1) that the assets and liabilities of the corporation were transferred to Colón personally in 1945, and (2) that Colón was therefore personally responsible for the 1943 corporate deficiency which he would be considered to have assumed together with the other liabilities of the corporation. But such conduct in 1947—after the corporation was dissolved—is not sufficient, standing alone, to show that Colón conducted the corporation in such a manner that we are required to hold him personally liable for the corporation's 1943 income tax deficiency by piercing the corporate veil.

failure to file annual reports, a special meeting of the stock-holders was held. The minutes thereof read in part as follows:

"The President of the Corporation Mr. Roberto Colón submitted to the meeting an statement of the general conditions of the business, and suggested the convenience of dissolving the Corporation, which was accepted by all the presents.

"The Treasurer presented to the meeting an inventory of all the assets and also of the liabilities of the company, to wit:

"An inventory containing a detailed relation of materials, goods, stocks and furnitures, etc. amounting to $71,543.09.

"A detailed relation of all the assets and liabilities amounting to $71,543.09.

"All these documents were duly examined by all the stockholders, found them correct and it was ordered that the same be spread on this minutes forming part of it.

"Mr. Roberto Colón, under the name of 'Roberto Colón Mach. Co.' offered to buy all the existences, and assets of the corporation, and assuming the payment of all pending liabilities, by the price of $68,164.62 in cash, ordering that the proper document be prepared and signed by all the stockholders and by Mr. Roberto Colón.

"It was also resolved that in view that the corporation had no properties of any kind as they have been sold to Roberto Colón Machinery Co., that this corporation be dissolved." [2a]

In accordance with the foregoing, the stockholders wrote the then Executive Secretary as follows: "We acknowledge receipt of your letter of last March 23, and we are glad to advise you that the business of Roberto Colón Machy. Co. was sold on April 1 to Mr. Roberto Colón by unanimous consent of the undersigned, the only stockholders of the corporation, and we therefore consent to declaring the corporation dissolved."

For purposes of this tax case, it is unnecessary to determine whether the corporation was dissolved in 1945 voluntarily by action of the stockholders or involuntarily by the

---

[2a] We have not attempted to correct the grammatical and spelling errors in these minutes.

State for failure to file annual reports. Irrespective of the method of dissolution, Colón was liable for the deficiency *if in fact he purchased its assets and assumed its liabilities for $68,164.62 in cash prior to the dissolution:* (1) primarily, he would be liable personally on the theory he assumed the liabilities of the corporation in connection with the purchase of its assets; (2) in addition, if for some reason the Secretary of the Treasury could not collect from him personally, he would be liable as liquidating trustee because it would be his duty in that capacity to pay the deficiency, ratably as provided in § 31 of the Corporation Act, from the sum of $68,164.62 paid or owed by him personally to the corporation for receiving its assets and assuming its liabilities. Sections 28-9, 31 of the Corporation Act, 14 L.P.R.A. § § 204-5, 207.

At the trial Colón testified that the sale of the assets of the corporation to him was never consummated; that instead he proceeded to liquidate the affairs of the corporation; that he was able to collect only a small part of the accounts receivable of the corporation because its debtors took the position that he was not entitled to collect them in view of the dissolution of the corporation;[3] that as a result the liabilities of the corporation exceeded its assets; and that he therefore paid out of his personal funds the remaining debts of the corporation.

The trial court did not resolve the conflict in the testimony as to the sale of the corporation's assets to Colón. This makes it necessary to remand the case to the Superior Court for findings of fact and a decision on this question. In view of the state of the record, the parties should be given an opportunity to present additional testimony thereon. In this connection, we note that there was some testimony at

---

[3] If a solvent debtor advanced such an absurd contention, it would of course be the duty of a liquidating trustee to sue him for the debt he owed the dissolved corporation.

the trial that Colón deducted as bad debts in his personal return for 1947 debts which were owed to the corporation. If this is established as a fact when the case is remanded, it would have some bearing on the contention of the Secretary of the Treasury that Colón was personally liable for the deficiency because he purchased the corporation's assets and assumed its liabilities. That is to say, if Colón deducted the bad debts of the corporation in his personal return on the theory that he had acquired them from the corporation as assets, by the same token he would be personally liable for the corporation's deficiency because he assumed its liabilities.[4]

The Secretary of the Treasury did not contend in the trial court or in his brief in this Court that Colón was personally liable for the deficiency of the corporation by virtue of § 35 of the Corporation Act, 14 L.P.R.A. § 232.[5] However, subsequently the Secretary filed a motion suggesting that we take the case of *Cruz* v. *Ramírez*, 75 P.R.R. 889, into consideration in deciding this case " . . . for the tangency which the questions discussed in it may have with this case." The Secretary has presented no argument in support of the contention that § 35 applies here. We deem it more desirable to leave this question open so that the trial court may pass on it if on remand the Secretary makes such a contention.

---

[4] Even if the trial court finds that there never was in fact an agreement for Colón to buy the corporation's assets and assume its liabilities, it must still determine whether as liquidating trustee Colón fully discharged his obligations under § § 28–9 and 31 of the Corporation Act, 14 L.P.R.A. § § 204–5, 207. *Cf. Hutton* v. *Commissioner of Internal Revenue*, 59 F. 2d 66 (C.A. 9, 1932) .

[5] Section 35 reads as follows: "No corporation shall incur any indebtedness for any purpose whatever in excess of the paid-up value of its capital stock or of the value of its property and assets. The directors who shall authorize by their votes the incurrence of any such indebtedness shall be jointly and severally liable individually for the amount of such indebtedness, and the said liability shall be enforced in any action brought by any creditor who shall establish therein that judgment has been rendered for his claim and that the liquidated assets of the corporation have been insufficient to pay the same."

The judgment of the Superior Court will be reversed and the case remanded for further proceedings consistent with this opinion.

Mr. Justice Marrero and Mr. Justice Negrón Fernández dissented.

---

MR. JUSTICE BELAVAL, concurring.

The plaintiff, a dissolved domestic corporation, sued the former Treasurer of Puerto Rico through its liquidating trustee, Roberto Colón, on the grounds that the former Tax Court of Puerto Rico should declare that: "Roberto Colón, the director, acting as liquidating trustee of the dissolved corporation Roberto Colón Machinery Manufacturing Co., Inc. is not liable for the income tax debt which he has been requested to pay . . . and that, therefore, the Treasurer should abstain from collecting it from him" because "since the liabilities of the dissolved corporation exceeded its assets, which consisted of the money and property which came to the hands of the liquidating trustee and since the latter has paid the debts and obligations of the dissolved corporation within the amount of money and property which came to his hands as such trustee, he has been and is at present relieved from any liability in regard to any debts which the corporation Roberto Colón Machinery & Manufacturing Co., Inc. may owe, since his liability as liquidating trustee of the corporation extended only to the amount of money and property of the corporation which came to his hands as such liquidating trustee."

The former Treasurer of Puerto Rico answered and alleged that "Roberto Colón was the owner of more than 95 per cent of the stock of Roberto Colón Machinery and Manufacturing Company, Inc.; that he exercised absolute control over all the operations and transactions of the plaintiff . . . that under these circumstances Roberto Colón is liable for the taxes that Roberto Colón Machinery & Manufacturing Company, Inc. may owe."

The case was heard before the Superior Court of Puerto Rico, which succeeded the former Tax Court of Puerto Rico. The evidence showed that Roberto Colón was President and stockholder of the dissolved corporation, and that he owned $79,600 worth of outstanding shares of the corporation (Tr. 57) out of an authorized capital stock of $100,000 and $80,000 outstanding (Tr. 111); that the corporation was dissolved by the former Executive Secretary of Puerto Rico; that the deficiency assessed by the Treasurer was correct and constituted a legitimate debt of the corporation.

The trial court rendered judgment in which it considered premature "a declaration of the court as to the personal responsibility of Roberto Colón for this tax owed by a different taxpayer," and by virtue of such reasoning, it dismissed the complaint. Such decision is erroneous. If the corporation was solvent, as the former Treasurer of Puerto Rico alleged and tried to prove, since Roberto Colón constituted himself as its liquidating trustee, he was jointly and severally responsible for such debt to the amount of the money and property of the corporation which came to his hands or possession as such trustee: § 29 of Act No. 30 of March 9, 1911 (Sess. Laws, p. 93); 14 L.P.R.A. p. 966, § 205. If the corporation was insolvent, as the taxpayer alleged and tried to prove, Roberto Colón, as director, was jointly and severally liable individually for the amount of such tax since the liquidated assets of the corporation were insufficient to pay the same: § 35 of Act No. 30 of March 9, 1911; 14 L.P.R.A. p. 969, § 232. See also *Cruz* v. *Ramírez*, 75 P.R.R. 889, 895, 896–7, (Ortiz, 1954).

The fact that the notice of deficiency was originally sent to the corporation does not alter this decision, especially since it is Roberto Colón himself who brings the action as liquidating trustee alleging the dissolution of the corporation and his lack of liability as the corporation's liquidating trustee. The fact that from the evidence submitted it is

concluded that, although he is not liable as liquidating trustee, he may be held liable as director of the corporation, does not create such diversity of parties as to warrant a separate suit. Incidentally, in *Cruz* v. *Ramírez, supra*, we face, up to a certain extent, the procedural feature of this question.

The judgment rendered will be reversed and the case remanded to the Superior Court of Puerto Rico in order that it may decide the conflict of whether the dissolved corporation was solvent or insolvent at the time of its liquidation, thus fixing the liability of Roberto Colón either as liquidating trustee, if the corporation actually had sufficient property at the date of its dissolution to pay its tax debt, or as director of the corporation if it actually lacked property sufficient to pay the debt.

Such is the opinion submitted to the justices of this Court and which was not approved by them. The new opinion prepared by Mr. Chief Justice Snyder does not seem to conflict with the terms of the original opinion submitted by me, as regards the liability of the liquidating trustee to satisfy the tax debt with the property of the corporation still in his hands, if the trial court, upon receiving the case, should find proved the fact alleged by the Secretary of the Treasury that Roberto Colón himself acquired the assets and liabilities of the dissolved corporation. We did not deem it wise to establish any distinction as to whether in this case Roberto Colón should answer as liquidating trustee of the corporation or as holder of the assets and liabilities, for the following reasons: (1) the defense of the Secretary of the Treasury is to the effect that "Roberto Colón was the owner of more than 95 per cent of the stock of Roberto Colón Machinery and Manufacturing Company, Inc.; that he exercised absolute control over all the operations and transactions of the plaintiff . . . that under these circumstances Roberto Colón is liable for the taxes that Roberto Colón Machinery and Manufacturing Company, Inc. may owe"; in other words, the ultimate lia-

bility of Roberto Colón as director, with "absolute control over all the operations and transactions of the plaintiff" and as stockholder for being the "owner of more than 95 per cent of the stock of Roberto Colón Machinery and Manufacturing Company, Inc." is raised as a question of law; (2) although the evidence of the Secretary of the Treasury was to the effect that Roberto Colón, doing business as Roberto Colón Machinery Company, had acquired the assets and liabilities of the corporation, from the point of view of the corporate liability—which is our concern in this case, for we are dealing with a tax deficiency assessed on the corporation—the practical result would be that the liquidating trustee would have received the total amount of the assets, and the corporation in liquidation would be solvent, and, hence, the liquidating trustee of the corporation would become liable for the tax debt because he had in his hands sufficient corporate property to pay its debt; (3) although the evidence of the taxpayer was to the effect that Roberto Colón had not acquired the assets and liabilities of the corporation, from the point of view of the corporate liability the practical result would be that, since in this case the liquidating trustee was not only trustee but also director and almost sole stockholder, he would have to pay any corporate debt in excess of the assets of the corporation, according to § 35 of the Corporations Act of Puerto Rico.

The majority opinion remands the case to the lower court without deciding the only crucial point of this appeal. On remanding the case it uses the following language: We deem it more desirable to leave this question open [it refers to the application of § 35] so that the trial court may pass on it if on remand the Secretary makes such a contention." The Secretary of the Treasury need not make such a contention for the simple reason that it has already been made. The defense of the Secretary of the Treasury is clear: "Roberto Colón was the owner of more than 95 per cent of the stock

of Roberto Colón Machinery and Manufacturing Company, Inc.; that *he exercised absolute control over all the operations and transactions of the plaintiff* . . . that under these circumstances Roberto Colón is liable for the taxes that Roberto Colón Machinery and Manufacturing Company, Inc. may owe."

In view of the allegation of the liquidating trustee to the effect that he must be relieved from the obligation of paying the tax debt since the property of the corporation handed to him for the payment of the corporate debt is exhausted, what would the Secretary of the Treasury have to prove in order for his defense to prevail, that in such case Colón should be held liable as director for the indebtedness in excess of the paid-up value of the capital stock or of the value of the property and assets, which represents such debt? Assuming that the trial court gives credit to the evidence of Colón, the facts proved would be sufficient to determine his ultimate liability as director, since such evidence would establish the following facts: (1) that the corporation Roberto Colón Machinery and Manufacturing Company, Inc. has been dissolved; (2) that at the time of its dissolution the liabilities of the corporation exceeded its assets; (3) that Roberto Colón received as liquidating trustee the assets available at the time of the dissolution and that he paid the debt claims of the corporation to the extent that its property permitted; (4) that at the date of delivery of the notice of deficiency he had no property of the corporation in his possession with which to pay the income tax; (5) that the liquidating trustee acknowledges the tax debt to be legitimate; (6) that Roberto Colón is the owner of 95 per cent of the capital stock of the corporation, was its director and as such, he is now liquidating trustee and that he was, moreover, its former president. As it may be seen, Colón's liability as director is not a new fact to be proved, but one of the juridical implications which stems from the correct application of § 35 of the Corpo-

ration Act of Puerto Rico to the facts alleged by the liquidating trustee himself.

I understand that the trial court, on receiving this case, will candidly ask itself: For what purpose should more allegations be required if those already submitted are sufficient or for what purpose should new evidence be required if the juridical facts embraced by the two hypotheses of liability already established suffice for the solution of the problem? I understand, moreover, that in this case the trial court will feel bound to apply the doctrine of our recent decision in *Cruz* v. *Ramírez*, 75 P.R.R. 889, 895, 896–7, 898 (Ortiz, 1954). I consider it my friendly duty to advise the trial court that one of the objections raised against the original version of my opinion is the possibility of overruling the case of *Cruz* v. *Ramírez*, *supra*, because it was erroneously decided. I do not pretend to become a defender of that case which, in my judgment, deserves a more calm and careful reconsideration.

However, I understand that § 35 is applicable to the present case for the reasons which follow, and which in some aspects represent a view of the question independently from that in *Cruz* v. *Ramírez*.

Section 35 provides that: "No corporation shall incur any indebtedness for any purpose whatever in excess of the paid-up value of its capital stock or of the value of its property and assets. The directors who shall authorize by their votes the incurrence of any such indebtedness shall be jointly and severally liable individually for the amount of such indebtedness, and the said liability shall be enforced in any action brought by any creditor who shall establish therein that judgment has been rendered for his claim and that the liquidated assets of the corporation have been insufficient to pay the same."

The rules for making directors liable, as established by that same section, are the following: (1) all the debts of

the corporation shall be considered equal, no matter the purpose for which they have been incurred; (2) the debts shall exceed the paid-up value of the corporation's capital stock (outstanding stock and paid) or the value of its property and assets; (3) the debts shall be authorized by the directors; (4) the debts shall be legally declared in a preliminary action against the corporation; (5) it must be established that the liquidated assets of the corporation have been insufficient to pay the debt.

1. As regards the first aspect of the question, dealing with the debts included within the prohibition, the Act does not establish any distinction between one class and another and therefore, an income tax debt is a legitimate debt of the corporation according to § 35. As a question of law, pursuant to § 83 of Act No. 74 of August 6, 1925 (Sess. Laws, p. 400); 13 L.P.R.A. p. 606, § 822, income taxes constitute a first lien in favor of the Commonwealth of Puerto Rico and only taxes on property for three years and for the current year, crop loans and mortgage credits have preference over them: Act No. 14 of August 24, 1933 (Spec. Sess. Laws, p. 76); 13 L.P.R.A. p. 372, § 361.

2. As regards the second aspect of the question, dealing with the excess of the indebtedness over the property of the corporation, plaintiff and appellant in this case, Colón, alleged, admitted and stated that the property of the corporation which he received as director to act as liquidating trustee was not sufficient to pay the debts of the corporation since "the liabilities of the dissolved corporation exceeded its assets." Therefore, the fact that the debts of the corporation exceeded the paid-up value of its capital stock or the value of its property and assets is already established in the evidence introduced in the trial court and in the transcript of evidence submitted to us.

3. As regards the third aspect of the question, dealing with the requirement that the directors should authorize with

their votes the incurrence of such debts, it must be previously stated that in this case the plaintiff and appellant, besides being director and liquidating trustee of the corporation, was its president and almost its sole stockholder, for which reason we face here the same situation as in *Cruz v. Ramírez, supra,* 895, in which the corporation is no more than a firm name so that only one individual may do business under a corporate name (business conduit). It is not difficult to conclude this as a fact derived from the other proved fact, as alleged by the Secretary of the Treasury in his defense, that Roberto Colón "exercised absolute control over all the operations and transactions of the plaintiff." It must also be stated that Colón, almost sole stockholder, director, president and liquidating trustee of the corporation, acknowledges the tax debt as a legitimate debt of the dissolved corporation. As a question of fact, Colón has not raised the argument that the debt was not authorized by his vote as director. But indeed, I do not believe that such argument would have relieved him from liability.

Logic has always been the supreme inspiration of the law. In order that the director's contention, that he did not authorize the incurrence of the debt with his vote, should prevail, the character of that debt must be such as to make its incurrence possible only through the express will of the director. It is obvious that the obligations imposed by the State in tax matters are not subject to the approval of the taxpayer. Taxes imposed by the State are, in reality of law, public obligations whose enforcement is not regulated by the rules relating to the consent of the private business transaction. And taxes can be avoided only by not engaging in any activity of wealth production embraced by the fiscal laws. As soon as a person engages in the production of wealth for himself, part of his profit as the producer of wealth is bound to the public obligation he contracts. Such is the price the businessman must pay for the public order

and for the level of civilization maintained by the State, which is as necessary for the normal development of his activities as air to his lungs. No person could devote himself to lucrative businesses within a political environment of disorder. Therefore, we must conclude that such consent is implicit in the very act of being engaged in any human activity.

The fact that the same person represents (1) the one who has power, through his stocks, to elect the directors, (2) the one who is the director of the corporation at the time of the incurrence of the tax debt and (3) the one without whose consent none of the operations, on which the levying of income taxes are based, could have been possible since he is the manager of the business, distinguishes this from the ordinary case considered in other decisions, which deal with the director who in a similar situation would not become liable because he is a different person from the liquidating trustee since he resigned before the liquidation of the corporation and nothing can be determined as to his implied or express acceptance of the liquidating operations; which deal with the director whose absence at the time of the incurrence of the obligation which created the excess indebtedness, relieves him from liability; which deal with the director who may not be held liable because he stated in the minutes of the Board of Directors his opposition to the incurrence of the debt which creates the excess indebtedness, all of which are the circumstances which relieve from personal liability recognized by the case law relating to § 35 of our Corporation Act.

4. As regards the fourth aspect of the question dealing with the preliminary judicial declaration of the liability of the corporation before any action is filed against the director for the excess indebtedness, the law pursues two clear and distinct aims: (1) a judicial declaration that the corporate debt is legitimate, and (2) a judicial declaration that the

liquidated assets of the corporation are insufficient to pay the debt. It is well to remember that, in this case, the Secretary of the Treasury notified the corporation of a tentative income tax deficiency, being unaware that the corporation had been dissolved. This, then, is the procedure which in any case the Secretary of the Treasury would have followed in order to assess that deficiency on the corporation, whether it was dissolved or not. The notice of deficiency was sent to Roberto Colón merely because Colón was, as recorded in the office of the Treasurer, the president of the corporation; that is, the person who, according to the law, should receive such notice. The proceeding for assessment of the deficiency on the corporation continues until the Secretary of the Treasury notifies a final deficiency. According to our Income Tax Act of 1924, such final deficiency, if not appealed from as provided by the same Act, becomes a legitimate debt of the corporation—which might have been the object of the summary administrative proceeding provided in § 83 of Act No. 74 of August 6, 1925; 13 L.P.R.A. p. 606, § 822. The next step towards the imposition of liability on the director would have been a judicial declaration that the liquidated assets of the corporation are insufficient to pay the debt.

It is at this very moment that Roberto Colón, as director of the dissolved corporation, but acting as liquidating trustee, resorts *motu proprio* to the former Tax Court of Puerto Rico alleging the following facts: (1) that the corporation was dissolved by the Secretary of the State; (2) that plaintiff Colón, as director, is the liquidating trustee of the dissolved corporation; (3) that when the property of the corporation was delivered to the liquidating trustee, *the liabilities exceeded the assets* and that the liquidating trustee paid as many debts as the property of the corporation, delivered to him, permitted; (4) that, although the debt which represents the final deficiency of the Secretary of the Treasury

is a legitimate debt and he acknowledges that he did not pay it as liquidating trustee, he alleges that he has no property with which to pay the debt, for which reason he prays to be exempted from all liability as liquidating trustee or personally in regard to that debt. As we may see, as soon as the trial court passes judgment on the facts presented by the evidence introduced by the liquidating trustee, the juridical setting is complete with the prior judicial adjudication of the debt against the corporation and with the prior determination that the liquidated assets of the corporation were insufficient to pay the debt, all of which are conditions precedent for the director to be held ultimately liable.

But there is more. Section 35 of the Private Corporation Act of Puerto Rico, which renders the directors of a corporation liable for any indebtedness in excess of the property of the corporation, must be related to § § 27, 28 and 29 of the same Act, which respectively establish the limited existence of the legal capacity of the corporation during the liquidation, the power of the directors to act as liquidating trustees and the personal liability of the liquidating trustees regarding the solvency of the debts. To hold the opposite, the majority opinion seems to conclude that, even in the case of a dissolved corporation, the corporate veil must not be pierced. Incidentally, according to the laws of Puerto Rico, always binding on us, the juridical phenomenon that produces the dissolution of a corporation is that the corporate fiction vanishes for all other purposes except the liquidation, and so the corporate veil is definitively pierced, leaving the directors with double liability: first, as trustees of a trust in favor of the creditors of the corporation to the extent of the property delivered to them; second, as direct debtors for any excess indebtedness which stems from their management as directors, if the corporation has no property with which to pay the debt.

When dissolved corporations are concerned "it is generally held that the rule requiring the recovery of a judgment against the corporation and the return of an execution thereon unsatisfied *before* suing a stockholder does not apply when such steps are for any reason impossible, or when they would be useless, or where involving unnecessary delay and expense, *as where there is only one stockholder*. So the rule is generally held not to apply where the corporation has gone into bankruptcy or insolvency, or into the hands of a receiver for the purpose of winding up, or has assigned all of its property for the benefit of creditors. *Nor*, according to the weight of authority, *does the rule apply where the corporation is otherwise shown to be insolvent* . . . As the law does not require the doing of a useless thing, where it is shown that the corporation has no assets, creditors may proceed against the stockholders without bringing such preliminary action, even if the liability is secondary. Some courts, however, hold that the mere insolvency of the corporation is not alone a sufficient excuse, where its insolvency has not been adjudicated.

"*Dissolution of the corporation, it is generally held, excuses the procuring of a judgment against it, except where, by statute, dissolution does not prevent actions being brought against the corporation.* However, it has been held that dissolution is not an excuse unless the dissolution is a *de jure*, as distinguished from a *de facto*, dissolution, although there is much authority to the contrary." 13 Fletcher, *Cyclopedia of the Law of Private Corporations*, pp. 851–56, § 6322 (Permanent edition of Callaghan and Company of 1943). (Italics ours.)

As we have said before, according to our Private Corporation Act, after such corporations are dissolved they shall subsist as bodies corporate for the purpose of prosecuting and defending suits by or against them "and of enabling them to settle and close their affairs" but not for the pur-

pose of "continuing the business for which they were established" (§ 27), but they shall be sued through their trustees "by the same name, or in their own names or individual capacities for the debts owing by such corporation" (§ 29). This means that whenever the liquidating trustee himself appears in court to accept the genuineness of the debt in the name of the corporation, but to request that he be relieved from its payment on account of the corporation's lack of property, as a practical question of fact and of law, both the corporation in its limited capacity that exists for liquidation and the liquidating trustee, himself, as to the liabilities imposed on him by law, appear before the court. We need not concern ourselves in this case with the preliminary summons to the corporation, since the appearance of Colón, in reality of fact and of law, constitutes the appearance of the corporation itself in its limited capacity during the liquidation.

Since our law establishes that the liquidating trustees must be the directors of the corporation, as a practical question of fact and of law, the appearance in court of the liquidating trustee also constitutes the appearance of the director. As we have previously indicated, his liability as director is not a new fact to be proved, but one of the juridical implications which stem from the correct application of the law to the facts alleged by the liquidating trustee.

This being so, in remanding the case to the trial court, we should only required it to declare as proved either the facts alleged by the liquidating trustee or those alleged by the Secretary of the Treasury, and, according to the evidentiary facts of greater credibility, to apply § 29 or § 35 of Act No. 30 of March 9, 1911.

For the foregoing reasons I concur with the majority opinion in everything not inconsistent with what I have stated herein.